FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 15 2013

JAMES N. HATTEN, Clerk
By _____ Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| KILLER JOE NEVADA, LLC )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>JOHN DOES 1-81 )<br>)<br>Defendants )<br>) | Case No. 1:13-CV-01450-JEC |

**OMNIBUS MOTION TO PROCEED BY PSEUDONYM, SEVER DEFENDANTS, AND/OR QUASH SUBPOENA AND/OR ISSUE PROTECTIVE ORDER WITH INCORPORATED MEMORANDUM OF LAW**

COMES NOW, Defendant John Doe 40, Pro Se in the above-styled action and files the within and forgoing Omnibus Motion asking for relief to proceed by pseudonym and as follows: (First) sever and dismiss the Defendants for improper joinder, and require that Plaintiff re-file the severed cases, if it chooses to do so, pursuant to Federal Rule of Civil Procedure (Herein 'FRCP') 21; and/or (Second) quash the subpoena directed at Comcast and/or issue a Protective Order limiting the disclosures by Comcast pending further review and argument pursuant to FRCP 26 & 45. In support of the instant omnibus motion, Defendant presents this Honorable Court the following:

### I. BACKGROUND

Plaintiff Killer Joe Nevada LLC is a Limited Liability Company with its principal offices located in Los Angeles, California, that produces, markets and distributes motion pictures. Plaintiff neither alleges nor appears to transact business in Georgia or have any identifiable connections to Georgia. Plaintiff claims to be the copyright holder of the movie, "Killer Joe" (Herein 'The Movie'). (Compl. ¶4 ).

Plaintiff alleges that each of the 81 John Doe Defendants is liable for the infringement of and contributory infringement of Plaintiff's copyright in The Movie. (Compl). Furthermore, Plaintiff claims that personal jurisdiction and venue for each of the Defendants is proper because "...each Defendant may reside in this [venue/district]" and that "all of the Defendants conspired to and did commit acts of copyright infringement and contributory copyright infringement statewide and nationwide, including in this State and in this District". (Compl ¶2 & ¶3 (citing 28 U.S.C. § 1391 (b); 28 U.S.C. § 1391 (b); and 28 U.S.C. § 1400(a)).)

Plaintiff has also issued an unknown number of subpoenas seeking information about the identities of the Defendants, including a subpoena duces tecum to the ISP Comcast seeking information regarding the identity of Doe 40. (Exhibit A attached herein).

## II.  ARGUMENT

### A. DEFENDANT REQUESTS LEAVE OF COURT TO PROCEED BY PSEUDONYM

Defendant is well aware that pursuant to FRCP 10(a) all pleadings contain the names of the parties, in particular, Rule 17(a) that specifically states that '[e]very action shall be prosecuted in the name of the real party in interest.'"

Nevertheless, permitting a party to proceed anonymously may be warranted in "exceptional circumstances," such as cases involving "[1] matters of a highly sensitive and personal nature, [2] real danger of physical harm, or [3] where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." Sunlust Pictures, LLC v. Cisa, 1:12-cv-00656-CMA-KMT (D. Colo. 2012). Broussard v. Waldron Sch. Dist., 866 F.Supp. 2d 1042,1048 (W.D. Ark. 2011). Doe v. Frank, 951 F.2d 320 (11th Cir. 1992).

In *Sunlust Pictures*, the Court held:

> The third "exceptional circumstance" is present in this case. Here, in their respective motions, Movants, inter alia, move to quash the subpoenas issued to their ISPs for the very purpose of protecting their personal identifying information from disclosure. Requiring Movants to proceed without anonymity would effectively moot the very relief they seek and would provide Plaintiff a "backdoor" route to the information sought through the subpoenas issued to Movants' ISPs. Moreover, assessing these preliminary matters without knowing the Movants' identifies will not cause Plaintiff any cognizable harm. The court emphasizes that this is by no

>   means a substantive finding that the Movants have a cognizable right of privacy in
>   their identifying subscriber information. Rather, "it is a procedural decision allowing
>   these early motions to proceed anonymously when there is little if any harm to the
>   plaintiff[]." Cinetel Films, Inc. v. Does 1,052, 853 F. Supp. 2d 545, 547 (D. Md. 2012).
>   Accordingly, the court will grant Movant Shaw's Motion for Leave to Proceed
>   Anonymously and will likewise permit the remaining Movants to proceed
>   anonymously.

For these reasons, Defendant requests leave to proceed by pseudonym.

## B. PLAINTIFF IS CLEARLY ABUSING THE INTEGRITY OF THE LEGAL PROCESS BY FLOODING THIS COURT WITH ANOTHER COPYRIGHT INFRINGEMENT CASE IDENTICAL TO IT'S PREVIOUS MASS FILINGS THROUGH IMPROPER JOINDER OF NUMEROUS DEFENDANTS TO EXTORT FAVORABLE SETTLEMENTS

The instant series of litigation is part of an "'outbreak of similar litigation . . . around the country,' in which copyright holders have attempted to assert claims against multiple unknown defendants by joining them, in often large numbers, into a single action." The Bicycle Peddler, LLC v. Does 1-98, Civ. No. 1:13-cv-921-CAP, Order at Dkt. No. [5] at 3 (citing On The Cheap, LLC v. Does 1-5011, 280 F.R.D. 500, 502 (N.D. Cal. 2011)). Killer Joe Nevada, LLC v Does 1-23, No. 1:13-cv-1529-JEC (N.D. Ga. May 28, 2013)

Plaintiff is improperly utilizing this Courts procedures to extort settlements from potentially innocent individuals. Plaintiff, and other mass-copyright plaintiffs, harass potentially innocent individuals with threats of statutory damages and legal fees and embarrass them by naming them as defendants in actions for copyright infringement and many times in relation to explicit pornographic videos.

Courts addressing these movie infringement cases have expressed concern about such abusive settlement tactics. See On the Cheap, LLC v. Does 1-5011, No. 10-4472-BZ, 2011 WL 4018258, at *11 (N.D. Cal. Sept. 6, 2011) (stating that settlement tactics result in the defendants being left with a "decision to either accept plaintiff's demand or incur significant expense to defend themselves" and such does not "comport with the principles of fundamental fairness""). Specifically, Plaintiff has misjoined 81 unrelated Defendants and has caused the issuance of a Subpoena prior to the rule 26(f) conference seeking protected information as to Defendant's

identity and anonymous online activities. Also, this Court should sever and dismiss the Defendants for improper joinder, and require that Plaintiff re-file the severed cases, if it chooses to do so, pursuant to FRCP 21. In the alternative, this Court should quash the subpoena directed at Comcast and/or issue a protective order limiting the disclosures by Comcast pending further review and argument pursuant to FRCP 26 & 45.

In the instant case, Plaintiff improperly joined 81 unrelated individuals as Defendants to this lawsuit. FRCP 20(a)(2) provides, in relevant part, that defendants may only be joined in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

"[T]he central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes thereby eliminating unnecessary lawsuits." <u>Alexander v. Fulton Cnty. Ga.</u>, 207 F.3d 1303, 1323 (11th Cir. 2000). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 724, 866 86,S.Ct. 1130, 16 L.Ed.2d 218 (1966). "The Federal Rules, however, also recognize countervailing considerations to judicial economy." *Alexander*, 207 F.3d at 1324. A motion for joinder may be denied if it would result in "prejudice, expense or delay." <u>Charles Alan Wright, et. al.</u>, Federal Practice and Procedure § 1652, at 396 (3d ed. 2001). "The district court has broad discretion to join parties or not and that decision will not be overturned as long as it falls within the district court's range of choices." <u>Swan v. Ray</u>, 293 F.3d 1252, 1253 (11th Cir. 2002).

Numerous courts have found that alleged copyright infringement through the use of

BitTorrent Protocol is insufficient to sustain permissive joinder, both in the Eleventh Circuit[1] and beyond[2].

### 1. Plaintiff's Claims Do Not Arise Out of "the Same Transaction, Occurrence, or Series of Transactions or Occurrences"

Plaintiff would like this Court to believe that the mere use of BitTorrent Protocol by the individual Defendants is sufficient to sustain their joinder in this action.  However, an individual Defendant's alleged use of BitTorrent Protocol does not necessitate the inference that he or she had any interaction with any of the other 81 Defendants in this case.  As was noted in an analogous case recently decided in the Southern District of Florida:

> Under the BitTorrent Protocol, it is not necessary that each of the Does . . . participated in or contributed to the downloading of each Other's copies of the work at issue - or even participated in or contributed to the downloading by any of the [other] Does . . . Any "pieces" of the work copied or uploaded by any individual Doe may have gone to any other Doe or to any of the potentially thousands who participated in a given swarm.  The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world.

Liberty Media Holdings, LLC v. BitTorrent Swarm, ---F.R.D.---, No. 1:11-CV-21567-KMM, 2011 WL 5190106, at *2 (S.D. Fla. Nov. 1, 2011) (quoting Hard Drive Prods., Inc. v. Does 1-188, ---F.Supp.2d.---, No. C-11-01566, 2011 WL 3740473, at *13 (N.D. Cal. Aug. 23, 2011)).

---

[1] See Killer Joe Nevada, LLC v Does 1-23, No. 1:13-cv-1529-JEC (N.D. Ga. May 28, 2013) (order severing defendants, Chief Judge Julie E. Carnes presiding); Raw Films, Inc. v. Does 1-32, No. 1:11-CV-2939, slip op., 2011 WL 6840590 (N.D. Ga. Dec. 29, 2011) (order severing defendants); Patrick Collins, Inc. v. Does 1-35, No. 1:11-CV-02940 (N.D. Ga. Dec. 19, 2011) (order severing defendants); K-Beech, Inc. v. Does 1-63, No. 1:11-CV-2941-CAP (N.D. Ga. Dec. 5, 2011) (order severing defendants); Liberty Media Holdings, LLC v. BitTorrent Swarm, ---F.R.D.---, No. 1:11-CV-21567-KMM, 2011 WL 5190106 (S.D. Fla. Nov. 1, 2011) (severing defendants); Liberty Media Holdings, LLC v. BitTorrent Swarm, ---F.D.R.---, No. 1:11-CV-21525-KMM, 2011 WL 5190048 (S.D. Fla. Nov. 1, 2011) (severing defendants).

[2] See Third Degree Films v. Does 1-3577, No. C11-02768 LB, slip op., 2011 WL 5374569 (N.D. Cal. Nov. 4, 2011); Hard Drive Productions, Inc. v. Does 1-30, No. 2:11-CV-345, slip op., 2011 WL 4915551 (E.D. Va. Oct. 17, 2011) (severing defendants); K-Beech, Inc. v. Does 1-78, No. 5:11-CV-05060 (E.D. Penn. Oct. 3, 2011) (order severing defendants).

District courts in the Eleventh Circuit and beyond have reasoned that John Doe defendants in analogous lawsuits were improperly joined based on the large time span between each defendant's alleged sharing of the file. This Honorable Court's Chief Judge Julie E. Carnes ruled in favor of Does in Killer Joe Nevada, LLC v Does 1-23, No. 1:13-cv-1529-JEC (N.D. Ga. May 28, 2013) and severed the Defendants as a result.  Raw Films, Inc. v. Does 1-32, No. 1:11-CV-2939-TWT, slip. op., 2011 WL 6840590, at *2 (N.D. Ga. Dec. 29, 2011) (time span of more than 4 months); K-Beech, Inc. v. Does 1-63, No. 1:11-CV-02941-CAP, at 6 (N.D. Ga. Dec. 5, 2011) (time span of almost 3 months); Liberty Media Holdings, LLC, 2011 WL 5190106, at *3 (S.D. Fla. Nov. 1, 2011) (time span of 2 months); Liberty Media Holdings, LLC v. BitTorrent Swarm,---F.R.D.---, No. 1:11-CV-21525-KMM, 2011 WL 5190048, at *2-4 (S.D. Fla. Nov. 1, 2011) (time span of two months); Hard Drive Prods., Inc., 2011 WL 3740473, at *13 (time span of two weeks). In *Raw Films, Inc.*, the court found that "[d]ownloading a work as part of a swarm does not constitute ..acting in concert" with one another, particularly when the transactions happen over a long period." 2011 WL 6840590, at *2; see also K-Beech, Inc., No. 1:11-CV-02941-CAP, at 4 (N.D. Ga. Dec. 5, 2011) (order granting motion to sever).  In explanation of that finding, the court reasoned that:

> [t]he differing dates and times of each Defendant's alleged sharing do not allow for an inference that the Defendants were acting in concert. While the Defendants may have used the same peer-to-peer system, the Complaint does not allege that they were sharing with each other. For example, Doe 4, who is alleged to have been in the swarm on July 13, 2011, is unlikely to have been in the swarm at the same time as Doe 5, who is alleged to have been in the swarm on March 4, 2011.

Id. at *2; see also K-Beech, Inc., No. 1:11-CV-02941-CAP, at 5-6 (N.D. Ga. Dec. 5, 2011).

In the instant case, Plaintiff's Complaint hollowly alleges that Defendants alleged infringement was part of the same series of transactions or occurrences. (Compl. ¶ 7.) However, Exhibit A to the Complaint clearly shows that these transactions or occurrences happened throughout a time span of more than 10 weeks. (Compl. Ex. A.). Rather than admit that Defendants were not using BitTorrent/uTorrent/Vuze Protocols at the same, or even similar times, Plaintiff instead focuses on its allegation that the Defendants were sharing the same piece

(as denoted by hash tag) of its copyrighted work. (Compl.) However, this allegation does not warrant the implication that Defendants exchanged any piece of the relevant file with each other or actually acted in concert with one another. MCGIP, LLC v. Does 1-149, No. C 11-02331 LB, slip op., 2011 WL 4352110, at *3 (N.D. Cal. Sept. 16, 2011) (finding misjoinder where the plaintiff failed to show that any of the defendants actually exchanged any piece of the seed file with one another); Boy Racer, Inc. v. Does 1-60, No. C 11-01738 SI, slip op., 2011 WL 3652521, at *4 (N.D. Cal. Aug. 19, 2011) (finding misjoinder because "Plaintiff [did] not plead facts showing that any particular defendant illegally shared Plaintiff's work with any other particular defendant"). Plaintiff's allegations that Defendants committed the same type of violation in the same way simply does not equate to participation in the same transaction, occurrence, or series of transaction or occurrence. LaFace Records, LLC v. Does 1-38, No. 5:07-CV-298-BR, 2008 WL 544992, at *7 (E.D.N.C. Feb. 27, 2008). This basis alone is sufficient to warrant the severance of the Defendants.

### 2. Joinder Will Prejudice the Defendants Moving Forward and Result in a Lack of Judicial Economy

"Among the factors to be considered by the court in exercising its discretion under Rule 21 are whether . . . judicial economy would be facilitated, whether prejudice would be avoided if severance were granted, and whether different witnesses and documentary proof are required for the separate claims." Hartley v. Clark, No. 3:09cv559/RV/EMT, 2010 WL 1187880, at *4 (N.D. Fla. Feb. 12, 2010); See also, Charles Alan Wright, et al., Federal Practice and Procedure § 1652, at 396 (3d ed. 2001) ("[T]he court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objective of the rule, but will result in prejudice, expense or delay").

Joinder of 81 unrelated Defendants in the instant case will result in severe practical problems moving forward. The Defendants, proceeding both pro se and through counsel, will likely assert different legal and factual defenses that apply to them particularly, or only a fraction of the 81 Defendants. Based on an individual Defendant's circumstances, he or she may be asserting legal defenses based on: copyright invalidity, *de minimis* copying, fair use, grant of

permission or a license, copyright misuse, acquiescence, unclean hands, and/or estoppel. Further, the individual Defendants are likely to put forward a variety of factual defenses and will identify different witnesses. As one court noted in a similar case:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. . . . Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) Defendants.

BMG Music v. Does 1-203, No. Civ. A 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004).

As the case proceeds, Plaintiff is likely to make further discovery requests against each individual Defendant that will further increase complexity and cost. This is the exact situation in which the Northern District of California found itself when it failed to sever the 52 defendants in a similar case:

> [Plaintiff] would require nothing less than an inspection of the subscriber's electronically stored information and tangible things, including each of the subscriber's computer and computers of those sharing his internet network. . . .Presumably, every desktop, laptop, smartphone, and tablet in the subscriber's residence, and perhaps any residence of any neighbor, houseguest or other sharing his internet access, would be fair game. Beyond such an inspection, [Plaintiff] might require still more discovery, including interrogatories, document requests and even depositions.

Boy Racer, Inc. v. Does 1-52, No. 11-CV-2329-PSG, at 4 (N.D. Cal. Sept. 13, 2011) (order denying further discovery).

The courthouse circus which will likely ensue if the Defendants are not severed will result in inefficiency for the Court and prejudice the Defendants moving forward. Pac. Century Int'l Ltd. v. Does 1-101, No. C-11-02533-(DMR), 2011 WL 5117424, at *3 (N.D. Cal. Oct. 27, 2011) ("An internet based copyright infringement case with at least 101 defendants would prove a logistical nightmare." (emphasis added)); Bridgeport Music, Inc. v. 11C Music, 202 F.R.D. 229, 233 (M.D. Tenn. 2001) ("If joined in one action, hundreds of Defendants will be subject to an overwhelming onslaught of materials and information unrelated to the specific claims against them - all of which they must pay their attorneys to review."). To prevent prejudicing the

Defendants and maximize judicial economy, Defendants should be severed and dismissed from this case.

### 3. Plaintiff's Subpoena is Improper and Should Be Quashed

A Rule 45 subpoena must fall within the scope of proper discovery under FRCP 26(b)(1), which limits discovery to "any matter, not privileged, that is relevant to the claim or defense of any party in the pending action and is reasonably calculated to lead to the discovery of admissible evidence." FRCP 26(b)(1). If a subpoena falls outside the scope of permissible discovery, the Court has authority to quash or modify it upon a timely motion by the party served, or a party challenging the relevancy of, or claiming a privacy interest in, the records sought. See FRCP 45(c)(3).

The Subpoena issued to Comcast and attached as Exhibit "A" to this Motion should be quashed pursuant to FRCP Rule 26 because Defendant: (1) challenges the legal sufficiency and legitimacy regarding Plaintiff's request for early discovery that produced the Subpoena, for which Defendant was never given notice or an opportunity to be heard, and (2) claims a privacy interest in the records sought.

#### a. Defendant Objects to the Early Discovery that Plaintiff Seeks. The Subpoenas Are Not "Very Likely" to Reveal the Identities of the Defendants Because Plaintiff's Theory of the Case Rests on "Tenuous Assumption"

Discovery is normally barred prior to the Rule 26(f) conference. See FRCP 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation or by court order."). Courts apply this rule even when considering subpoenas issued to non-parties. Crutcher v. Fidelity Nat'l Ins. Co., Civ. No. 06-5273, 2007 WL 430655, *2 (E.D. La. Feb. 5, 2007).

Plaintiff has intentionally misled this Court by suggesting that it will be able to identify the Defendants through issuance of subpoenas to Comcast and other ISPs. This suggestion is inaccurate and misplaced. An IP address can *only* identify a subscriber to an ISP; it does **not** *identify the specific identity of the person that actually engaged in the alleged infringing activities.*

Numerous courts have applied the *Gillespie* "very likely" standard and denied early discovery and/or quashed subpoenas in other mass copyright infringement cases just like this one, where pornographers sought to subpoena John Doe contact information from ISPs. <u>AF Holdings LLC v. Does 1-96</u>, N.D. Cal. No. 11-cv-3335-JSC, Dkt. No. 14, 9/27/11, p. 6 ("AF Holdings") (denying requested early discovery because it was not "very likely to enable Plaintiff to identify the Doe Defendants."); *Hard Drive Prods.*, supra, (denying early discovery because "it is abundantly clear that plaintiff's requested discovery is not 'very likely' to reveal the identities of the Doe Defendants."); <u>AF Holdings, LLC v. John Doe</u>, D. Min. Case No. 12-cv-1445, Dkt. No. 7, 7/5/12 (denying early discovery because "the requested discovery was 'not very likely' to reveal the identity of the alleged infringer."). The same result was also reached Magistrate Judge Brown of Eastern District of New York in an increasingly well-known case involving a few of the most notorious copyright trolls. As noted by Judge Brown, who was assigned all of the adult film mass infringement cases in the Eastern District of New York, "the assumption that a person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous, and one that has grown more so over time." <u>In re: BitTorrent Adult Film Copyright Infringement Cases</u>, 2012 U.S. Dist. LEXIS 61447 (E.D.N.Y. May 1, 2012) Case No. CV-11-3995-DRH-GRB, Dkt. No. 39. As Judge Brown further explained, this is due, in part, to the proliferation of home networks and wireless routers, a single IP address may support multiple Internet users. He further stated that "it is no more likely that the subscriber to an IP address," who is the person who becomes the unfortunate target of the copyright troll's collection efforts, "carried out a particular computer function – here the purported illegal downloading of a single pornographic film – than to say an individual who pays the phone bill made a specific telephone call." *Id.*

To successfully identify the claimed infringers, Plaintiff would need extensive additional information that ***cannot*** be gleaned from information requested by the Subpoena. Indeed, Plaintiffs such as Plaintiff in the instant case inaccurately portrays facts that an IP Address alone is sufficient to identify the alleged-perpetrator(s), however, this was fully exposed in a similar lawsuit. <u>Boy Racer, Inc. v. Does</u> 1-52, No. 11-CV-2329-PSG (N.D. Cal. Sept. 13, 2011) (order denying further discovery; order to show cause). In *Boy Racer*, after issuing a substantially

identical subpoena and representing to the Court that each IP address corresponded to a Defendant, the Plaintiff was forced to admit that the subscriber information linked to an IP number was legally insufficient to identify a Defendant and really just the starting point for a far more invasive investigation. In rejecting that Plaintiff's attempt to expand its discovery beyond its initial representations, the Court quoted the key admissions to the plaintiff's argument as follows:

> While Plaintiff has the identifying information of the subscriber, this does not tell Plaintiff who illegally downloaded Plaintiff's works, or, therefore, who Plaintiff will name as the Defendant in this case. It could be the Subscriber, or another member of his household, or any number of other individuals who had direct access to Subscribers network.
>
> [Accordingly:]
> Plaintiff plans to request a limited inspection of Subscriber's electronically stored information and tangible things, such as Subscriber's computer and the computers of those sharing his Internet network, for the purpose of finding the individual that unlawfully violated Plaintiff's copyrighted works by uploading/downloading the file referenced BitTorrent, or to see whether such information has since been erased contrary to instructions by Verizon Online and Plaintiff's attorneys.

*Id.* at 4 (withdrawing its prior order granting limited early discovery and denying further discovery requests because "[p]resumably, every desktop, laptop, smartphone, and tablet in the subscriber's residence, and perhaps any residence of any neighbor, houseguest or other sharing his internet access, would be fair game") (internal quotes and citations omitted).

In <u>VPR Int'l v. Does 1-1017</u>, the court came to a similar conclusion and denied the Plaintiff's motion for expedited discovery. *VPR, Int'l*, 2:11-CV-02068-HAB-DGB (C.D. Ill. April 29, 2011). The court noted that subscriber information requested from an ISP would be insufficient to identify an infringer who "might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." Id. at 2. To illustrate this fact, the court noted an instance involving a raid by federal

agents on a home that was linked to downloaded child pornography[3]. The court opined as to the Plaintiff's true motives. Id. At 3 ("Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case.").

### b. The Subpoena Issued by Plaintiff Seeks to Discover Protected Information and Violates the United States Constitution

The essence of the discovery sought through the subpoena at issue in this case is the identity of individuals engaged in anonymous online communication.[4] Accordingly, the First Amendment applies and Plaintiff must demonstrate its legitimate need for the information before being able to overcome the right to engage in anonymous speech. Sinclair v. TubeSockTed, 596 F.Supp. 2d 128, 131 (D.D.C., 2009); see generally Reno v. American Civil Liberties Union, 521 U.S. 844, 870 (1997); McIntyre v. Ohio Elections Com'n, 514 U.S. 334, 341-43 (1995). As noted in *Sinclair*, individuals engaged in anonymous online communication may be identified only if Plaintiff meets a multi-factor test designated to balance the right to seek redress for legitimate claims against the fundamental right to communicate anonymously. 596 F.Supp. 2d at 132. In particular, Plaintiff must come forward with prima facie evidence that each particular Defendant infringed the Plaintiff's rights before that Defendant's identity is disclosed. Id. Here, Plaintiff fails to address the First Amendment constitutional issues raided by Plaintiff's attack on the Defendants', and Doe 40's anonymous speech, and has even failed to create a prima

---

[3] Carolyn Thompson writes in an MSNBC article of a raid by federal agents who kicked down the door of a home that was linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP. The desktop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid. Federal agents returned the equipment after determining that no one at the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' Wi-Fi connections (including a secure connection from the State University of New York). See Carolyn Thompson, Bizarre Pornography
Raid Underscores Wi-Fi Privacy Risks (April 25, 2011) http://www.msnbc.msn.com/id/42740201/ns/technology_and_science-wireless/.

[4] Additionally, Defendant maintains a privacy interest in his or her identifying information on file with Comcast, and claims that it is protected information in and of itself. See Transcor, Inc. v. Furney Charters, Inc., 212 F.R.D. 588, 590-91 (D. Kan. 2003) (As bank customer, defendant had a personal right with respect to its bank account records at banks which were subject of subpoenas duces tecum issued by plaintiff, and that right gave defendant standing to move to quash the subpoenas); Broadcort Capital Corp. v. Flagler Securities, Inc., 149 F.R.D. 626 (Nonparty and

facie record to support its allegations that Doe 40, or any of the Defendants, engaged in or contributed to copyright infringement.

### III. CONCLUSION

Plaintiff has demonstrated that it is far more interested in obtaining Defendants' contact information for use in extracting large settlements than the formalities of the legal process and privacy interest of the affected individuals. Plaintiff has repeatedly misled the court in its representations supporting joinder of the Defendants and obtaining early discovery. Plaintiff's joinder of Defendants is improper because Plaintiff's claims do not arise out of the same transaction, occurrence, or series thereof, and it prejudices the Defendant while undermining judicial economy. Plaintiff's Subpoena should be quashed because Plaintiff misled this Court in obtaining an Order granting early discovery, seeks protected information, and violates the United States Constitution.

WHEREFORE, premises considered, Doe 40 respectfully requests that this Court:

(a) Allow Defendant to proceed by pseudonym

(b) Sever and dismiss all Defendants pursuant to FRCP 21 and require Plaintiff to bring individual actions against each Defendant, if it chooses to do so, in the appropriate venue;

(c) Quash the Subpoena pursuant to FRCP 26;

(d) Enter a Protective Order pursuant to Rule 26 of the FRCP, staying all discovery in this case (and the use of any information already obtained by the Plaintiffs in discovery) until such time as the interests of Doe 40 can be heard and considered by a court of proper jurisdiction;

(e) Sanction Plaintiff for abusing the legal process and misleading the Court if Court deems fit and necessary

---

defendant in securities action had standing to object to subpoena duces tecum of telephone company records based on claim that records were privileged, despite contention that only the served party could object).

    (f)     Grant such other and further relief to which Doe 40 may justly be entitled.

Respectfully Submitted, This 15th of July, 2013

/s/ John Doe 40  
John Doe 40

**Temporary Mailing Address**  
  J.D #40  
  20 Cove Drive  
  Hiram, GA 30141

### CERTIFICATE OF SERVICE

    This is to certify that I have this day served upon the following person a true and accurate copy of the within and foregoing: **Omnibus Motion To Proceed By Pseudonym, Sever Defendants, And/Or Quash Subpoena And/Or Issue Protective Order With Incorporated Memorandum Of Law** by depositing a copy of the same in the United States mail, in a properly addressed envelope, with sufficient postage affixed thereto to insure delivery addressed as follows:

| | | |
|---|---|---|
| Alan Kan | | Via Facsimile to 866-947-5587 |
| Kan & Clark LLP | | Comcast |
| 2849 Paces Ferry Rd, Ste 640 | AND | c/o |
| Atlanta, GA 30339 | | NE&TO |
| | | 650 Centerton Road |
| | | Moorestown, NJ 08057 |

Certified this 15th day of July, 2013

/s/ John Doe 40  
John Doe 40

# EXHIBIT "A"

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

## UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | | |
|---|---|---|
| KILLER JOE NEVADA, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:13-CV-01450-JEC |
| DOES 1-81 | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, Comcast Cable Communications Management, LLC

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: described in Exhibit A attached hereto

| Place: Via mail to 2849 Paces Ferry Road, Suite 640, Atlanta, GA 30339 OR email at mgamble@kanclarklaw.com | Date and Time: 09/30/2013 12:00 pm |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___05/20/2013___

*CLERK OF COURT*

_____    OR   _____
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ___Plaintiff Killer Joe Nevada, LLC___, who issues or requests this subpoena, are:

Alan Kan, Kan & Clark LLP, 2849 Paces Ferry Rd Suite 640, Atlanta, GA 30339, akan@kanclarklaw.com, 678-298-7911